MMB

JS 44 (Rev. 06/17)

2:17-cv-4383

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

17 4383

## I. (a) PLAINTIFFS
Derek Marshall

**(b)** County of Residence of First Listed Plaintiff  Salem, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Royer Cooper Cohen Braunfeld LLC
Two Logan Square, 100 N 18th St.
Philadelphia, PA 19103

## DEFENDANTS
Communications Test Design, Inc.

County of Residence of First Listed Defendant  Chester, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☒ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1  Original Proceeding
- ☐ 2  Removed from State Court
- ☐ 3  Remanded from Appellate Court
- ☐ 4  Reinstated or Reopened
- ☐ 5  Transferred from Another District *(specify)*
- ☐ 6  Multidistrict Litigation - Transfer
- ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Credit Reporting Act 15 U.S.C. Section 1681 et seq.
Brief description of cause:
Violation of FCRA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

OCT - 2 2017

DATE  9/29/17
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # ___  AMOUNT ___  APPLYING IFP ___  JUDGE ___  MAG. JUDGE ___

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: Carneys Point, New Jersey

Address of Defendant: 1373 Enterprise Dr., West Chester, PA 19380

Place of Accident, Incident or Transaction: 1373 Enterprise Dr., West Chester, PA 19380
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) FAIR CREDIT REPORTING ACT

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Sean S. Litz, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☒ Relief other than monetary damages is sought.

DATE: 9/29/17     _____ Attorney-at-Law     204229 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

OCT - 2 2017

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/29/17     _____ Attorney-at-Law     204229 Attorney I.D.#

CIV. 609 (5/2012)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Derek Marshall                    :           CIVIL ACTION
                                  :
        v.                        :
                                  :
Communications Test Design, Inc.  :           NO. **17**   4383

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                          ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                      (X)

(f) Standard Management – Cases that do not fall into any one of the other tracks.          ( )

9/29/17            Sean Litz, Esq.            Derek Marshall
**Date**           **Attorney-at-law**       **Attorney for**

484-362-2631       484-362-2630              slitz@vccblaw.com

**Telephone**      **FAX Number**            **E-Mail Address**

(Civ. 660) 10/02

OCT -2 2017

Case 2:17-cv-04383-MMB Document 1 Filed 10/02/17 Page 4 of 18



#4400

**17 4383**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEREK MARSHALL, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No. |
| v. | **CLASS ACTION COMPLAINT** <br> **JURY TRIAL DEMANDED** |
| COMMUNICATIONS TEST DESIGN, INC., a Pennsylvania corporation, | |
| Defendant. | |

Plaintiff Derek Marshall ("Plaintiff" or "Marshall") brings this class action complaint against Defendant Communications Test Design, Inc. ("Defendant" or "CTDI") to obtain redress for, and put an end to, Defendant's violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA" or "Act"), specifically its failure to provide lawful notices and disclosures to its job applicants and employees. Plaintiff, for his Class Action Complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1. Enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies, the FCRA explicitly acts to protect both applicants for employment and existing employees from adverse employment action taken as a result of potentially inaccurate or immaterial information. To that end, employers who obtain and use consumer reports regarding their applicants and employees are required to provide (1) express disclosures prior to obtaining consumer reports in the first place and (2) copies of the

00416552.v1

reports obtained and a summary of rights under the Act *prior* to taking any adverse employment action against them based on information contained in such reports.

2. Here, Defendant willfully violates the FCRA by: (1) failing to provide a standalone up-front notice that Defendant may procure consumer reports about its applicants and employees, and (2) failing to provide its applicants and employees copies of such reports and the required summaries of their FCRA rights before taking adverse action against them.

3. First, on information and belief, Defendant fails to provide its applicants or employees with a standalone notice that indicates Defendant may obtain a consumer report about them for employment purposes. Section 1681b(b)(2) establishes that such notice must be made "in a document that consists solely of the disclosure." Here, Defendant provides a disclosure that contains unnecessary and extraneous information and therefore fails to be standalone. That is, on information and belief, the disclosure and authorization are combined with unrelated information, including unnecessary and confusing inapplicable state law notices. This violates Section 1681b(b)(2)(A)(i) of the FCRA, which unambiguously states that the disclosure must be made "in a document that consists solely of the disclosure."

4. Defendant also willfully violated the FCRA by procuring background checks and consumer reports about its job applicants and employees without providing such applicants and employees with copies of the reports and a summary of their FCRA rights before taking adverse action against them. Instead, Defendant takes adverse action against applicants and employees based on the consumer reports it obtains about them—including firing its employees—before providing the applicant or employee with any mandated "pre-adverse action" notice, copy of the report, and summary of rights as required under the FCRA. As such, Defendant serially violates the FCRA.

5.  As a result of Defendant's willful violations of the FCRA, employees and applicants such as Plaintiff Marshall are deprived of rights, including privacy rights guaranteed to them by federal law, and are thus entitled to statutory damages of at least $100 and not more than $1,000 for each violation. *See* 15 U.S.C. § 1681n(a)(1)(A).

## PARTIES

6.  Plaintiff Derek Marshall is a natural person and citizen of the State of New Jersey. He resides in Carneys Point, New Jersey.

7.  Defendant Communications Test Design, Inc. is a corporation incorporated and existing under the laws of the State of Pennsylvania with its principal place of business located at 1373 Enterprise Dr., West Chester, Pennsylvania 19380.

## JURISDICTION AND VENUE

8.  This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, which is a federal statute. Furthermore, jurisdiction is proper under the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.* because the classes each consist of over 100 people, at least one member of each class is from a State other than Pennsylvania (the state of Defendant), and the amounts in controversy are over $5,000,000. Further, none of the exceptions to CAFA jurisdiction apply.

9.  This Court has personal jurisdiction over Defendant because it conducts business in this District, is headquartered and registered to do business in this District, and the unlawful conduct alleged in the Complaint emanated from this District.

10. Venue is proper in this District under 28 U.S.C. § 1391 because Defendant is headquartered and incorporated in this District, and Plaintiff's claims arose in substantial part out of corporate actions and policies that were decided upon within this District and which were

directed at and emanated from this District.

## FACTS COMMON TO PLAINTIFF AND ALL COUNTS

11. CTDI is a global engineering, repair, and logistics company based in West Chester, Pennsylvania.

12. CTDI was founded in 1975 and now has over 14,000 employees in over 90 facilities worldwide.

13. In or around May 2017, Plaintiff Marshall applied for a position with CTDI.

14. During the application process, Plaintiff was asked to review and sign a document entitled, "Other Disclosures, Acknowledgments & Authorizations Regarding Background Investigation for Employment Purposes." (Attached hereto and hereafter referred to as "Exhibit A.")

15. The disclosure document cannot be said to standalone or to consist "solely of the disclosure"; rather, the document is littered with extraneous information. That is, and without limitation, the disclosure: (1) lumps multiple disclosures into one document, including disclosures for "investigative consumer reports" together with non-investigative consumer reports, as well as an Ongoing Authorization, Additional State Law Notices, Summary of Rights under the Fair Credit Reporting Act, a San Francisco Fair Chance Ordinance Official Notice, and the HireRight Privacy Policy, (2) contains separate state law disclosures, (3) contains language purporting to authorize police departments and other furnishers of information to send such information to HireRight, and (4) other extraneous information that renders the document confusing to Plaintiff and other typical, reasonable consumers. (*See* Ex. A.)

16. The lumping together of all of the above-mentioned disclosures into one document violates the FCRA requirement that the document consists solely of the disclosure and

further confuses the average individual. Furthermore, many of the disclosures included in the document have no applicability to Plaintiff at all—chiefly among them, the majority of the state law disclosures and the San Francisco city ordinance notice. The inclusion of irrelevant disclosures and authorizations further renders the disclosure confusing to the average individual and did indeed confuse the Plaintiff as to what type of report was being obtained and the extent of the authority he was granting.

17. Shortly after Marshall applied, he was hired by CTDI and began working at its facility located in Logan Township, New Jersey.

18. Shortly after commencing work for CTDI, Marshall was informed by CTDI that he was terminated based upon the results of a background check procured about him.

19. Plaintiff was not provided any pre-adverse action notice and was not provided a copy of the consumer report or a summary of his FCRA rights before being told he was fired.

20. Simply put, CTDI skipped the pre-adverse action step entirely and failed to send Marshall a copy of his consumer report and a summary of FCRA rights prior to taking adverse action against him. Plaintiff was denied an opportunity to contest the information or explain any troublesome entries to CTDI at all.

21. As the FTC has made clear, applicants and employees are supposed to have the opportunity to review the background check/consumer report and discuss it with their prospective employer before losing out on a job because of information contained in the report. The FTC has ruled that in general an employer should wait at least five (5) business days following the notice to the applicant or employee of the anticipated adverse action—together with a copy of the report and a summary of the applicant/employees' FCRA rights—before actually taking the adverse action. This notice advises the applicant or employee of their ability

to discuss the report with their employer. (*See, e.g.*, FTC Advisory Opinion to Weisberg, available at http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-weisberg-06-27-97.)

22. Moreover, and as further explained above, Plaintiff was presented with a FCRA disclosure and authorization form during the hiring process that was combined with extraneous information.

23. Because of the unlawful disclosure provided to applicants and employees including Plaintiff, as well as Defendant's failure to send pre-adverse action notices along with a copy of the consumer report and a summary of FCRA rights, Defendant has willfully denied Plaintiff the rights guaranteed to him by the FCRA. Such violations entitle him, and others similarly situated, to statutory damages of not less than $100 and not more than $1,000.

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(3) on behalf of himself and two nationwide Classes defined as follows:

> **Disclosure Class**: All persons in the United States (1) who applied for employment with Defendant on or after September 29, 2015, (2) about whom Defendant procured a consumer report, and (3) who were provided the same disclosure and authorization regarding the possibility that a consumer report may be procured about them as the disclosure CTDI provided to Plaintiff.
>
> **Pre-Adverse Action Class**: All persons in the United States who (1) were subject to adverse employment action on or after September 29, 2015 based in whole or in part on any consumer report procured by Defendant; and (2) who, like Plaintiff, did not receive a copy of the report Defendant procured and a summary of rights before Defendant took adverse action against them.

Excluded from the Classes are (1) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former officers and directors, (2) the Judge or Magistrate Judge to whom this case is assigned and the Judge's or Magistrate Judge's immediate family, (3) persons

who execute and file a timely request for exclusion, (4) persons who have had their claims in this matter finally adjudicated and/or otherwise released, and (5) the legal representatives, successors, and assigns of any such excluded person.

25. **Numerosity**: The exact number of the members of the Classes is unknown to Plaintiff at this time, but it is clear that individual joinder is impracticable. Defendant has thousands of employees and a potentially even greater number of job applicants. Further, the Class members can readily be ascertained through Defendant's records and HireRight's records.

26. **Commonality**: Common questions of law and fact exist as to all members of the Classes for which this proceeding will provide common answers in a single stroke based upon common evidence, including:

   (a) Whether Defendant's conduct described herein violated the FCRA;

   (b) Whether Defendant has procured or caused to be procured consumer reports to investigate prospective employees;

   (c) Whether Defendant's disclosure violates the FCRA's requirement that the pre-report disclosure "stand alone";

   (d) Whether Defendant has acted willfully;

   (e) Whether Defendant failed to provide a pre-adverse action notice and opportunity to be heard together with a copy of the consumer report, and a summary of FCRA rights to applicants and employees prior to taking adverse action and, if so, whether such policies and procedures violate the FCRA; and

   (f) The proper measure of statutory damages and the availability and appropriateness of declaratory and injunctive relief.

27. **Typicality**: As a result of Defendant's uniform disclosures and conduct, Plaintiff and the Class members suffered the same injury and similar damages. Thus, Plaintiff's claims are typical of the claims of the other Class members.

28. **Adequate Representation**: Plaintiff is a member of the Classes and both he and his counsel will fairly and adequately represent and protect the interests of the Classes, as neither has interests adverse to those of the Class members and Defendant has no defenses unique to Plaintiff. In addition, Plaintiff has retained counsel competent and experienced in complex litigation and class actions. Further, Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and they have the financial resources to do so.

29. **Predominance:** The common questions of law and fact set forth above go to the very heart of the controversy and predominate over any supposed individualized questions. Irrespective of any given Class member's situation, the answer to whether Defendant's pre-report disclosure and failure to provide pre-adverse action notices are unlawful is the same for everyone—resounding "yesses" on both questions—and they will be proven using common evidence.

30. **Superiority and Manageability**: A class action is superior to all other methods of adjudicating the controversy. Joinder of all class members is impractical, and the damages suffered by/available to the individual Class members will likely be small relative to the cost associated with prosecuting an action. Thus, the expense of litigating an individual action will likely prohibit the Class members from obtaining effective relief for Defendant's misconduct. In addition, there are numerous common factual and legal questions that could result in inconsistent verdicts should there be several successive trials. In contract, a class action will present far fewer

management difficulties, as it will increase efficiency and decrease expense. Further, class-wide adjudication will also ensure a uniform decision for the Class members.

31. Plaintiff reserves the right to revise the definition of the Classes as necessary based upon information obtained in discovery.

## COUNT I
### Violation of 15 U.S.C. § 1681b(b)(2)(A)(i)
### (On Behalf of Plaintiff and the Disclosure Class)

32. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

33. The FCRA declares that:

Except as provided in subparagraph (B), a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless—

(i) a <u>clear and conspicuous</u> disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists <u>solely of the disclosure,</u> that a consumer report may be obtained for employment purposes . . . .

15 U.S.C. § 1681b(b)(2)(A) (emphasis added).

34. The FCRA defines a consumer report as:

. . . any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumers' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or excepted to be used or collected in whole or in part for the purpose of serving as a factor establishing the consumer's eligibility for . . .

(B) employment purposes . . . .

15 U.S.C. § 1681a(d)(1). Defendant's background checks are consumer reports.

35. The pre-report disclosure (Ex. A) that Defendant provided to Plaintiff and the putative Disclosure Class members, as part of the application process, willfully violated the

00416552.v1  9

FCRA by not being clear and conspicuous and by including extraneous information such that the disclosure cannot be said to "stand alone."

36. Such extraneous information included, without limitation:

    (a) disclosures pertinent to investigative consumer reports;

    (b) disclosures and other language regarding requirements in states and other jurisdictions inapplicable to Plaintiff;

    (c) the HireRight privacy policy;

    (d) multiple acknowledgements and authorizations;

    (e) authorizations for HireRight to obtain information from certain furnishers or other sources of information; and

    (f) other extraneous information that renders the notice confusing to Plaintiff and other reasonable consumers and utterly incapable of standing alone. A finding that CTDI's disclosure and authorization complies with the FCRA's stand alone notice provision would render that law a nullity.

37. Defendant procured consumer reports with respect to Plaintiff and the Disclosure Class members. The disclosure and authorization provided to Plaintiff was the same or substantially the same as the disclosure and authorization provided to all Disclosure Class members. Thus, Defendant uniformly violated the rights of all Class members in the same way by including extraneous information in the disclosure.

38. Defendant's violation of 15 U.S.C. § 1681b(b)(2)(A)(i) was knowing and willful for at least the following reasons:

(i) The rule that FRCA disclosures be "clear and conspicuous" and part of a document consisting "solely" of that disclosure has been the law established for well over a decade.

(ii) Defendant is a large corporation who regularly engages outside counsel—it had ample means and opportunity to seek legal advice regarding its FCRA responsibilities. As such, any violations were made in conscious disregard of the rights of others.

(iii) Clear judicial and administrative guidance—dating back to at least the 1990s—regarding a corporation's FCRA responsibilities exists and is readily available explaining that such disclosures must stand alone. This readily-available guidance means Defendant either was aware of its responsibilities or plainly should have been aware of its responsibilities but ignored them and violated the FCRA anyway.

39. Plaintiff and the Disclosure Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

40. Accordingly, under the FCRA, Plaintiff and the Disclosure Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## COUNT II
### Violation of 15 U.S.C. § 1681b(b)(3)
### (On Behalf of Plaintiff and the Pre-Adverse Action Class)

41. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

42. The FCRA provides that:

(3) Conditions on use for adverse actions.

> (A) In General. Except as provided in subparagraph (b), in using a consumer report for employment purposes, *before* taking any adverse action based in whole or in part on the report, the person intending to take such adverse action shall provide to the consumer to whom the report relates—
>
> (i)  a copy of the report; and
> (ii) a description in writing of the rights of the consumer under this subchapter, as prescribed by the Bureau under section 1681g(c)(3) of this title.

*See* 15 U.S.C. 1681b(b)(3) (Emphasis added).

43. The FCRA defines adverse action as "a denial of employment or any other decision for employment purposes that adversely affects any current or prospective employee." 15 U.S.C. § 1681a(k)(1)(B)(ii).

44. Defendant violated Section 1681b(b)(3)(A) of the FCRA by failing to provide Plaintiff and members of the Pre-Adverse Action Class with a copy of their consumer reports and/or summaries of their rights under the FCRA before taking adverse employment action against them. Defendant thus denied Plaintiff and others the opportunity to explain the circumstances surrounding any issues, errors or negative items.

45. Defendant obtained a consumer report about Plaintiff for employment purposes. Based in whole or in part on information contained within Plaintiff's consumer report, Defendant terminated Plaintiff—an adverse employment action.

46. In contravention of the FCRA, Defendant willfully failed to provide Plaintiff with his consumer report and a written description of his rights before taking such adverse action. In doing so, Defendant failed to provide an opportunity to dispute or discuss any information prior to the decision to fire him.

47. Defendant's violations of 15 U.S.C. § 1681b(b)(3)(A) were willful. The rule that a copy of the report relied upon and a summary of FCRA rights must be sent to a person against whom an employer intends to take adverse action before such adverse action is taken is well

established. Defendant is a large corporation that has retained lawyers on staff and regularly engages outside counsel—it has ample means and opportunity to seek legal advice regarding its FCRA responsibilities. Further, there is a glut of judicial and administrative guidance—dating back to the 1990's—regarding a corporation's FCRA responsibilities. As a consequence of such readily available guidance, Defendant either was aware of its responsibilities or should have been aware of its responsibilities but violated the FCRA anyway.

48. Plaintiff and the Pre-Adverse Action Class are entitled to statutory damages of not less than $100 and not more than $1,000 for each of Defendant's willful violations pursuant to 15 U.S.C. § 1681n(a)(1)(A).

49. Accordingly, under the FCRA, Plaintiff and the Pre-Adverse Action Class seek statutory damages, reasonable cost and attorneys' fees, an injunction against further violations, and a declaration that Defendant's conduct is unlawful.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Derek Marshall, individually and on behalf of the Classes, respectfully requests that this Court issue an order:

A. Certifying this case as a class action on behalf of the Classes defined above, appointing Derek Marshall as class representative and appointing his counsel as class counsel;

B. Declaring that Defendant's actions, as set out above, constitute violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681b;

C. Declaring that Defendant's practice of not providing a copy of the consumer report relied upon and a summary of FCRA rights constitutes a violation of the FCRA;

D. Awarding damages, including statutory and treble damages where applicable, to Plaintiff and the Classes in amounts to be determined at trial;

E. Awarding injunctive and other equitable relief as is necessary to protect the interests of the Classes, *inter alia*: (i) an order prohibiting Defendant from engaging in the wrongful and unlawful actions described herein; and (ii) requiring Defendant to provide proper disclosures, notices, and summaries under federal law;

F. Awarding Plaintiff and the Classes their reasonable litigation expenses and attorneys' fees;

G. Awarding Plaintiff and the Classes pre- and post- judgment interest, to the extent allowable;

H. Providing such other injunctive and/or declaratory relief as necessary to protect the interests of Plaintiff and the Classes; and

I. Such further and other relief as the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: September 29, 2017                                  Respectfully submitted,

DEREK MARSHALL, individually, and on behalf of all others similarly situated,

By: _____
Barry L. Cohen, Esquire
bcohen@rccblaw.com
Sean S. Litz, Esquire
slitz@rccblaw.com
101 West Elm Street, Suite 220
Conshohocken, PA 19428
T: (484) 362-2628; F: (484) 362-2630

15

*Counsel for Plaintiff, Derek Marshall, individually, and on behalf of all others similarly situated, and the Putative Class*

By: /s/ Steven L. Woodrow

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave.
Suite 300
Denver, Colorado 80210
*Counsel for Plaintiff, Derek Marshall, individually, and on behalf of all others similarly situated, and the Putative Class*

*pro hac vice* admission to be filed